**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BILLIE JO HEFFRON, on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | Case No.: 3:21-CV-1282 (LEK/ML) **No:** |
| **-against-** | |
| **THE BOATYARD GRILL, LLC, and MARK CAMPAGNOLO, individually,** | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Billie Jo Heffron ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover minimum wages, overtime compensation, unlawful deductions, uniform reimbursement, spread of hours pay, and other damages for Plaintiff and her similarly situated co-workers – servers, runners, bussers, bartenders, barbacks (collectively, "Tipped Workers") who work or have worked at The Boatyard Grill located at 525 Taughannock Blvd., Ithaca, New York 14850 ("The Boatyard Grill").

2.      Owned and operated by The Boatyard Grill, LLC and Mark Campagnolo, The Boatyard Grill is "Ithaca's premier seafood restaurant on Cayuga Lake, serving [customers] the

most flavorful, locally-sourced fare."[1]

3.     Since its inception in 2001,[2] the restaurant prides itself as being part of the Cayuga Lake community, as the restaurant's lakeside location offers a variety of experiences, from enjoying a drink and snack by an outdoor firepit, to throwing a large private party at the restaurant's outdoor patio, to having an intimate dinner, business meeting, family celebration, or docking one's boat for a casual weekend brunch.[3]

4.     Despite The Boatyard Grill's emphasis on being an all-encompassing restaurant service, Defendants have failed to properly compensate Tipped Workers who work or have worked for them throughout the relevant time period.

5.     At all times relevant, Defendants paid Plaintiff and other Tipped Workers at or below the "tipped" minimum wage rate for tipped employees.

6.     Defendants, however, have not satisfied the strict requirements under the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL") by which they could take a tip credit towards the hourly rates paid to Tipped Workers.

7.     In this regard, Defendants failed to provide Plaintiff and other Tipped Workers with notification of the tipped minimum wage rate or tip credit provisions of the NYLL, or of their intent to apply a tip credit to Plaintiff's and other Tipped Workers' wages.

8.     Defendants also required Plaintiff and other Tipped Workers to spend a substantial amount of time, 2 hours or more than 20% of their worktime, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiff and other Tipped

---

[1] *See* Facebook, About – The Boatyard Grill, (available at https://www.facebook.com/TheBoatYardGrill/) (last visited Nov. 19, 2021).
[2] See Yelp, About the Business – The Boatyard Grill, (available at https://www.yelp.com/biz/the-boatyard-grill-ithaca-2) (last visited Nov. 19, 2021).
[3] *See,* About Us, The Boatyard Grill Website, (available at https://boatyardgrill.com/about_us.php) (last visited Nov. 19, 2021).

Workers to perform non-tipped producing side work unrelated to their tipped occupation.

9.      Defendants required Tipped Workers to perform side work at the start, during, and at the end of each shift, usually before or after service when the restaurant is closed to the public.

10.     The duties that Defendants require Tipped Workers to perform are duties that are customarily assigned to employees in other restaurants that typically receive at least the full minimum wage rate.

11.     The side work that Defendants require of Tipped Workers is not specific to particular customers, tables, or sections, but is performed in mass quantities for the entire shift or for future shifts. Furthermore, Defendants require Tipped Workers to perform most side work before the restaurant opened or after the restaurant closed and customers had left.

12.     For example, Defendants rely on Tipped Workers to arrive as early as 2:30 p.m. for a 4:00 p.m. dinner opening.

13.     Defendants require Tipped Workers to spend this time performing non-tip producing side work, including, but not limited to: 1) cleaning and preparing kitchen equipment such as bread toasters, 2) cleaning the training room, 3) preparing butter sheet trays, 4) emptying garbage cans throughout the restaurant, 5) filling salad toppings into bus tubs and refilling salt, pepper, and salad dressing containers, 6) rolling silverware, 7) prepping the restaurant's five posi-stations, which involves cleaning, restocking it with silverware, napkins, candles, to-go containers, and condiments; 8) preparing the fry station, which involves placing ice in the cooling bin and making sure that utensils are clean and available; 9) filling water pitchers, and 10) setting up and breaking down the restaurants' indoor and outdoor tables, among other tasks.

14.     As some of these duties are not related to Plaintiff's duties as a Tipped Worker, Plaintiff and similarly situated Tipped Workers were engaged in dual occupations for which they

are entitled to the full minimum wage.

15.    Defendants' timekeeping system is capable of tracking multiple job codes for different work assignments. Despite this, Tipped Workers are not required to record the amount of time they spend performing side work.

16.    Defendants also maintained a policy and practice whereby they would automatically deduct meal credits from Plaintiff and Tipped Workers' wages in violation of the NYLL, even where the meals did not comply with the NYLL's requirements or where Tipped Workers would not eat the meals provided.

17.    Defendants also maintained a policy and practice whereby they required Plaintiff and Tipped Workers to purchase aprons and t-shirts and failed to reimburse Plaintiff and Tipped Workers for these costs, in violation of the NYLL.

18.    Defendants also maintained a policy and practice whereby they failed to pay Plaintiff and Tipped Workers for spread of hours premium pay in violation of the NYLL.

19.    In that regard, Plaintiff and Tipped Employees often worked shifts and/or split shifts of ten (10) hours or more, and did not receive spread of hours pay, at the basic minimum hourly wage rate, for each day that they worked over ten hours.

20.    Defendants failed to provide Plaintiff and Tipped Workers with proper annual wage notices as required by the NYLL.

21.    Defendants also failed to provide Tipped Workers with accurate wage statements with each payment of wages as required by the NYLL.

22.    Plaintiff brings this action on behalf of herself and similarly situated current and former Tipped Workers who elect to opt in to this action pursuant to the FLSA, specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour

provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

23.     Plaintiff brings this action on behalf of herself and similarly situated current and former Tipped Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

**Billie Jo Heffron**

24.     Billie Jo Heffron ("Heffron") is an adult individual who is a resident of Dryden, New York.

25.     Heffron was employed by Defendants as a Tipped Worker for The Boatyard Grill from approximately May 2014 through in or around August 21, 2021.

26.     Heffron is a covered employee within the meaning of the FLSA and the NYLL.

27.     A written consent form for Heffron is being filed with this Class and Collective Action Complaint.

**Defendants**

28.     Defendants jointly employed Plaintiff and similarly situated Tipped Workers at all times relevant.

29.     Each Defendant had substantial control over Plaintiff's and Tipped Workers' working conditions, and over the unlawful policies and practices alleged herein.

30.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

5

31.    During all relevant times, Defendants' operations are interrelated and unified.

32.    During all relevant times, Defendants have applied the same employment policies, practices, and procedures to all Tipped Workers.

33.    During all relevant times, Defendants have controlled the labor relations of The Boatyard Grill.

34.    During all relevant times, Defendants have been Plaintiff's employers within the meaning of the FLSA and NYLL.

**The Boatyard Grill, LLC**

35.    Together with the other Defendants, The Boatyard Grill, LLC ("The Boatyard Grill, LLC") has owned and operated The Boatyard Grill during the relevant time period.

36.    The Boatyard Grill, LLC is a domestic limited liability company organized and existing under the laws of New York. It lists its Service of Process address as The LLC, 525 Taughannock Blvd., Ithaca, New York 14850.

37.    The Boatyard Grill, LLC has done business as The Boatyard Grill throughout the relevant time period.

38.    The Boatyard Grill, LLC is listed as the premises name for The Boatyard Grill under the New York State Liquor Authority.

39.    At all times relevant, The Boatyard Grill, LLC has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices. Specifically, The Boatyard Grill, LLC is listed as the corporate payor on Plaintiff's pay stubs.

40.    The Boatyard Grill, LLC applies the same employment policies, practices, and procedures to all Tipped Workers at The Boatyard Grill, including policies, practices, and

procedures with respect to payment of minimum wages.

41.    Upon information and belief, at all relevant times, The Boatyard Grill, LLC has had an annual gross volume of sales in excess of $500,000.

**Mark Campagnolo**

42.    Upon information and belief, Mark Campagnolo ("Campagnolo") is a resident of the State of New York.

43.    At all relevant times, Campagnolo has owned and/or operated The Boatyard Grill.

44.    At all relevant times, Campagnolo maintains a direct and significant management role in The Boatyard Grill.

45.    At all relevant times, Campagnolo has been actively involved in managing the day-to-day operations of The Boatyard Grill.

46.    At all relevant times, Campagnolo has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees at The Boatyard Grill.

47.    At all relevant times, Campagnolo has had the power to transfer the assets and/or liabilities of The Boatyard Grill.

48.    At all relevant times, Campagnolo has had the power to declare bankruptcy on behalf of The Boatyard Grill.

49.    At all relevant times, Campagnolo has had the power to enter into contracts on behalf of The Boatyard Grill.

50.    At all relevant times, Campagnolo has had the power to close, shut down, and/or sell The Boatyard Grill.

51.    Campagnolo is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated

7

employees.

## JURISDICTION AND VENUE

52.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and

1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

53.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to

29 U.S.C. § 216(b).

54.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §

1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred

in this District.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff brings the First and Second Cause of Action, FLSA claims, on behalf of:

> All current and former Tipped Workers employed at The
> Boatyard Grill in New York between December 1, 2018 and
> the date of final judgment in this matter, who elect to opt-in
> to this action (the "FLSA Collective)

56.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

Plaintiff and the FLSA Collective for their minimum wages and overtime compensation owed.

57.     Consistent with Defendants' policies, patterns, or practices, Plaintiff and the FLSA

Collective were not paid the proper minimum wage for all hours worked up to 40 per workweek

and premium overtime compensation for all hours worked beyond 40 per workweek.

58.     All of the work that Plaintiff and the FLSA Collective have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and

the FLSA Collective have performed.

59.     As part of their regular business practice, Defendants have intentionally, willfully,

and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, the minimum wages for all hours worked up to 40 per workweek and premium overtime wages for all hours worked in excess of 40 hours per workweek.

60.     A violation of the FLSA is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

61.     Defendants knew or should have known that their wage and hour practices relating to Tipped Workers violated the FLSA's prohibition against excessive side work and unlawful deductions. In this regard, district courts around the country, including district courts throughout New York, have dealt with hundreds of similar violations against comparable restaurants.

62.     Defendants failed to undertake any diligent review of its wage and hour practices relating to Tipped Workers.

63.     Defendants did not consult with counsel regarding their wage and hour practices relating to Tipped Workers.

64.     As a result, Defendants acted willful due to their reckless disregard of their conduct.

## CLASS ACTION ALLEGATIONS

65.     Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and the class of persons consisting of:

> (a)  All persons who work of have worked as Tipped Workers at
> The Boatyard Grill between April 17, 2015[4] and the date of

---

[4] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

the final judgment in this matter (the "NYLL Class"); and

66.    The NYLL Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

67.    There are more than fifty members of the NYLL Class.

68.    Plaintiff's claims are typical of those claims that could be alleged by any NYLL Class Member, and the relief sought is typical of the relief which would be sought by each NYLL Class Member in separate actions.

69.    Plaintiff and the NYLL Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct. Defendants' corporate-wide policies and practices affected all NYLL Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each of the NYLL Class Members.

70.    Plaintiff is able to fairly and adequately protect the interests of the NYLL Class Members and have no interests antagonistic to the NYLL Class Members.

71.    Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

72.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender.

73.     Common questions of law and fact exist as to the NYLL Class that predominate over any questions only affecting Plaintiff and the NYLL Class Members individually and include, but are not limited to, the following:

(a)  whether Defendants unlawfully applied a tip credit to the hourly wages paid to Plaintiff and the NYLL Class;

(b)  whether Defendants failed to pay Plaintiff and the NYLL Class minimum wages for all of the hours they worked;

(c)  whether Defendants required Plaintiff and the NYLL Class to spend more than 20% and/or 2 hours, whichever is less, of their time performing non-tipped side work duties;

(d)  Whether Defendants automatically applied a meal credit deduction against the wages of Plaintiff and the NYLL Class;

(e)  Whether Defendants failed to reimburse Plaintiff and the NYLL Class for purchasing aprons and t-shirts from Defendants as part of Plaintiff's and the NYLL Class's uniform;

(f)  Whether Defendants failed to furnish Plaintiff and the NYLL Class with spread of hours premium pay for working shifts and/or split shifts of ten (10) hours or more for each day that they worked over ten hours;

(g)  Whether Defendants failed to furnish Plaintiff and the NYLL Class with a proper time of hire wage notice, as required by the NYLL; and

(h)  whether Defendants failed to furnish Plaintiff and the NYLL Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

74.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Billie Jo Heffron**

75.     During her employment, Heffron generally has worked the following scheduled

11

hours, unless she missed time for vacation, sick days, or holidays, or obtained additional shifts:

(a) She worked 5 to 6 shifts per week, with weekday shifts starting from 2:30 p.m. or 4:00 p.m. until 10:30 p.m. to 11:30 p.m., and weekend double shifts beginning at approximately 10:30 a.m. to approximately 11:30 p.m.

76.     Throughout Heffron's employment, Defendants applied a tip credit towards the minimum wage paid to Heffron for work performed as a server.

77.     Defendants failed to properly notify Heffron in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to her wages.

78.     Defendants suffered or permitted Heffron to performing non-tip producing side work for more than 20 percent of her worktime and/or two hours. These duties included, but were not limited to: 1) cleaning and preparing kitchen equipment such as bread toasters, 2) cleaning the training room, 3) preparing butter sheet trays, 4) emptying garbage cans throughout the restaurant, 5) filling salad toppings in to bus tubs and refilling salt, pepper, and salad dressing containers, 6) rolling silverware, 7) prepping the restaurant's five posi-stations, which involves cleaning, restocking it with silverware, napkins, candles, to-go containers, and condiments; 8) preparing the fry station, which involves placing ice in the cooling bin and making sure that utensils are clean and available; 9) filling water pitchers, and 10) setting up and breaking down the restaurants' indoor and outdoor tables.

79.     As a result of the above, Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to the hourly rates paid to Heffron, and Defendants failed to compensate her at the proper minimum wage rate.

80.     At all times relevant, Heffron was entitled to receive the full statutory minimum wage rate for the first 40 hours of work each workweek and time and one-half the full minimum

wage rate for all hours worked beyond 40 per workweek.

81.     Throughout Heffron's employment, Defendants automatically deducted meal credits towards Heffron's wages for each shift she worked, in violation of 12 N.Y.C.R.R. Part 146 § 146-1.9.

82.     In that regard, Defendants failed to provide Heffron with meals in compliance with 12 N.Y.C.R.R. Part 146 § 146-3.7.

83.     Additionally, based on information and belief, during the course of her employment, Heffron was told that meals would be deducted from her wages whether or not she ate them.

84.     Defendants failed to reimburse Heffron with the costs associated with purchasing aprons and t-shirts, as part of a uniform, from Defendants, in violation of 12 N.Y.C.R.R. Part 146 § 146-1.8.

85.     In that regard, Defendants required Heffron to purchase aprons and t-shirts from them if she came to work without one and did not reimburse her for the costs associated with these purchases.

86.     Defendants also failed to pay Heffron spread of hours premium pay for shifts and/or split shifts worked in excess of ten (10) hours or more in violation of the NYLL.

87.     Defendants failed to furnish Heffron with proper annual wage notices, as required by the NYLL.

88.     Defendants failed to furnish Heffron with accurate statements of wages with each payment of wages as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

89.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90.    At all times relevant, Plaintiff and the FLSA Collective were or have been employees, and Defendants were or have been employers of Plaintiff and the FLSA Collective, within the meaning of 29 U.S.C §§ 201 *et seq.*

91.    At all times relevant, Defendants have been employers of Plaintiff and the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

92.     Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants required Plaintiff and the FLSA Collective to perform a substantial amount of non-tipped "side work" in excess of 20 percent of their work time. During these periods, Defendants compensated Plaintiff and the FLSA Collective at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201 *et seq.*

93.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

94.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective.

96.     Defendants failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

97.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (Brought on behalf of Plaintiff and the NYLL Class)

98.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     At all times relevant, Plaintiff and the NYLL Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the NYLL Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

100.    Defendants have failed to pay Plaintiff and the NYLL Class the minimum hourly

wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

101.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the NYLL Class the full minimum wage at a rate of (a) $8.75 per hour for all hours worked from December 31, 2014 through December 30, 2015; (b) $9.00 per hour for all hours worked from December 31, 2015 through December 30, 2016; (c) $9.70 per hour for all hours worked from December 31, 2016 through December 30, 2017; (d) $10.40 per hour for all hours worked from December 31, 2017 through December 30, 2018; (e) $11.10 per hour for all hours worked from December 31, 2018 through December 30, 2019; (f) $11.80 per hour for all hours worked from December 31, 2019 through December 30, 2020; and (g) $12.50 per hour for all hours worked from December 31, 2020 through the present.

102.    Defendants have failed to notify Plaintiff and the NYLL Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.

103.    Defendants also required Plaintiff and the NYLL Class to spend a substantial amount of time, 2 hours or more than 20% of their work time, performing non-tip producing side work duties that were related to their tipped occupation, and required Plaintiff and the NYLL Class to perform non-tip producing side work unrelated to their tipped occupation.

104.    As a result, Plaintiff and the NYLL Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

105.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided

for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the NYLL Class)

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the NYLL Class.

108.    Defendants failed to pay Plaintiff and the NYLL Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times the full minimum wage rate – for all hours worked beyond 40 per workweek.

109.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Unlawful Meal Credit Deductions
### (Brought on behalf of Plaintiff and the NYLL Class)

110.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    Defendants have made unlawful meal credit deductions from Plaintiff and the NYLL Class's wages, including, but not limited to, deductions for meals they have never eaten or failure to provide meals in compliance with the NYLL.

112.    The deductions made from the wages of Plaintiff and the NYLL Class were not

expressly authorized in writing by Plaintiff and the NYLL Class, and were not for the benefit of Plaintiff and the NYLL Class.

113.   Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Uniform Reimbursement**
**(Brought on behalf of Plaintiff and the NYLL Class)**

114.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115.   Defendants required Plaintiff and the NYLL Class to purchase aprons and t-shirts but failed to reimburse them for these uniform-related expenses or compensate them for these purchases.

116.   Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants the amounts of the legally required reimbursements for the purchase of these uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Spread of Hours Pay**
**(Brought on behalf of Plaintiff and the NYLL Class)**

117.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

118.   Defendants has failed to pay Plaintiff and the NYLL Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval

between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours or for workdays that Plaintiff and the NYLL Class worked.

119.    Due to Defendants' violations of the NYLL, Plaintiff and the NYLL Class are entitled to recover from Defendants their unpaid spread of hours wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the NYLL Class)**

120.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

121.    Defendants have failed to supply Plaintiff and the NYLL Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

122.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiff and the NYLL Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide them with wage notices, or a total of five thousand dollars each, as well as

reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

### NINTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the NYLL Class)**

123.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

124.    Defendants failed to supply Plaintiff and the NYLL Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

125.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiff and the NYLL Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notices, to all Tipped Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through

and including the date of this Court's issuance of court-supervised notice, worked at The Boatyard Grill. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime compensation, unlawful deductions, uniform reimbursement, spread of hours pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff Billie Jo Heffron as the representative of the NYLL Class and counsel of record as Class Counsel;

E.      Unpaid minimum wages, overtime compensation, unlawful deductions, uniform reimbursement, spread of hours pay, and other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.      Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the NYLL Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.      Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the NYLL Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.      Prejudgment and post-judgment interest;

I.      Reasonable attorneys' fees and costs of the action; and

J.      Such other relief as this Court shall deem just and proper.

Dated: December 1, 2021
       New York, New York

Respectfully submitted,


/s/ Armando A. Ortiz
Armando A. Ortiz

**FITAPELLI & SCHAFFER, LLP**
Armando A. Ortiz (519815)
David J. Sack, *admission request forthcoming*
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff, opt in plaintiffs and the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against THE BOATYARD GRILL and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.    By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Billie Jo Heffron (Aug 31, 2021 16:12 EDT)
_____
Signature

# Billie Jo Heffron
_____
Full Legal Name (Print)